UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| MARY MURRAY, | ) |
| *Plaintiff*, | ) |
| | ) Case No. 2:06-cv-89 |
| v. | ) |
| | ) Judge Mattice |
| STAN'S BAR-B-Q, KIM FORTNER, STAN FORTNER, LOLITA CRUZ, and LOANN LAMONS, | ) |
| *Defendants*. | ) |

## **MEMORANDUM AND ORDER**

Before the Court are (1) Plaintiff's Motion to Amend Complaint, (2) Plaintiff's Amended Motion to Amend Complaint, and (3) Defendants' Motion to Dismiss and/or Motion for Summary Judgment.

For the reasons explained below, Plaintiff's Motion to Amend Complaint and Amended Motion to Amend Complaint are **DENIED**, and Defendants' Motion to Dismiss and/or Motion for Summary Judgment is **GRANTED**.

**I. STANDARDS**

  **A. Dismissal**

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint over which the Court does not have subject matter jurisdiction.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th

Cir. 1993). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004). The complaint must contain either "direct or inferential allegations respecting all the material elements to sustain a recovery . . . ." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal quotations and citations omitted). The Court must determine not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In making this determination, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Arrow*, 358 F.3d at 393; *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The Court need not accept as true mere legal conclusions or unwarranted factual inferences. *Id.*

### B. Amendment of the Complaint

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." "[U]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" are among the reasons that a Court may deny leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II. ANALYSIS

### A. Defendants' Motion to Dismiss

The version of Plaintiff's complaint that is currently in effect is the amended complaint filed on July 31, 2006 [Court Doc. No. 5], and it is this complaint to which Defendants' motion to dismiss is directed. Defendants contend that the amended complaint must be dismissed on several bases: (1) the Court lacks subject matter jurisdiction over Plaintiff's claims; (2) Plaintiff's claims are barred by the applicable statute of limitations; and (3) Plaintiff's complaint fails to state a claim for which relief can be granted.

First, Defendants contend that the Court lacks subject matter jurisdiction over Plaintiff's claims. Federal district courts have two types of original subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. Federal question jurisdiction applies to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In contrast, diversity jurisdiction applies to "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332.

Defendants argue that Plaintiff's claims sound in tort and, as a result, do not trigger the Court's federal question jurisdiction, and the Court must conclude that Defendants are correct. First, Plaintiff's amended complaint does not specifically list any federal law under which she brings her claims. Second, the factual allegations of Plaintiff's complaint—that her employer showed a lack of concern for her safety and did nothing when her concerns were brought to the attention of management and that her employer showed negligence

by ignoring the seriousness and urgency of certain events that occurred in the workplace—sound entirely in tort. Thus, there is no federal question at issue, and Plaintiff's complaint must be founded upon the Court's diversity jurisdiction if it is to survive Defendants' motion to dismiss.[1]

As noted above, a federal court has diversity jurisdiction over civil actions that are between citizens of different states and in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The requirement that the civil action be between citizens of different states has been interpreted to require complete diversity of citizenship—that is, no plaintiff and no defendant may be citizens of the same state. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). A natural person is deemed to be a citizen of the state where that person is domiciled, and a corporation is deemed to be a citizen of the state of its incorporation and the state where its principal place of business is situated. *Safeco Ins. Co. of Am. v. City of White House*, 36 F.3d 540, 544 (6th Cir. 1994).

In this case, according to the complaint, Plaintiff Murray is domiciled in, and therefore a citizen of, Tennessee. (Am. Compl. ¶ 2.) According to the Affidavit of Kim Fortner, Kim and Stan Fortner and Loann Lamons also are domiciled in, and therefore citizens of, Tennessee. (Court Doc. No. 18-2, Fortner Aff. ¶¶ 1-2, 5). Thus, because

---

[1] Plaintiff states in her Motion for Stipulation of Facts [Court Doc. No. 23] that "[t]he EEOC charge number is 253-2005-03000, dated 2/8/06 which provides [her] the right to pursue this case in this Court" and further states in her response to Defendants' motion to dismiss [Court Doc. No. 21] that she "[has] the right by Federal and State law, which allows [her] to pursue and be heard on this matter." There is, however, no mention in Plaintiff's amended complaint of any EEOC notice of right to sue or of Title VII or any other federal law. The Court must decide Defendants' motion to dismiss based only on what is alleged in Plaintiff's amended complaint, not what is stated in other filings, and the allegations of the amended complaint do not give any indication of any intention to, and cannot be construed as an attempt to, state a cause of action under any federal law; rather, the complaint, as drafted, sounds only in state law tort.

Plaintiff and at least three of the Defendants are all citizens of Tennessee, complete diversity of citizenship does not exist in this case. Without complete diversity of citizenship, the Court cannot have diversity jurisdiction over Plaintiff's claims.

Accordingly, because the Court does not have federal question jurisdiction or diversity jurisdiction over the claims asserted in Plaintiff's amended complaint, the Court must conclude that it lacks subject matter jurisdiction over such claims. Such claims are, therefore, subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), and the Court need not address Defendants' other arguments in favor of dismissal.

### B.     Plaintiff's Motions to Amend Complaint

Plaintiff requests in her Motion to Amend Complaint [Court Doc. No. 12] and Amended Motion to Amend Complaint [Court Doc. No. 22] that she be permitted to amend her complaint to add an additional Defendant, Manuel Mazon, and additional factual allegations regarding each Defendant's treatment of her. Defendants oppose Plaintiff's motions to amend on the basis that such amendments do not cure the deficiencies outlined by Defendants in their motion to dismiss and, as a result, the complaint, even with Plaintiff's proposed amendments, remains subject to dismissal pursuant to Rule 12(b)(1). The Court concludes that Defendants are correct in their assessment of the proposed amendments.

First, while Plaintiff's proposed amendments seek to add more specific factual allegations regarding each Defendant's treatment of her, the factual allegations of the proposed amended complaint—including allegations of assault by Defendants Mazon and Cruz and allegations of negligence on the part of Stan's Bar-B-Q and the Fortners—continue to sound only in tort and not in any cause of action under federal law.

Thus, no federal question is presented in the proposed amendments, and no federal question jurisdiction exists as a result.

Second, Plaintiff's proposed amendments still name the Fortners and Lamons as Defendants, thus destroying complete diversity of citizenship. Thus, no diversity jurisdiction exists.

As noted above, although Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires," a court may properly deny leave to amend when there exists "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In this case, the Court concludes that the proposed amendments are futile because the complaint, as amended, would still be subject to dismissal for lack of subject matter jurisdiction.

Accordingly, because Plaintiff's proposed amendments are futile, Plaintiff's Motion to Amend Complaint and Amended Motion to Amend Complaint are **DENIED**.

## III. CONCLUSION

For the reasons explained above, Plaintiff's Motion to Amend Complaint [Court Doc. No. 12] and Amended Motion to Amend Complaint [Court Doc. No. 22] are **DENIED**. Defendants' Motion to Dismiss and/or Motion for Summary Judgment [Court Doc. No. 18] is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The Clerk is directed to close the file in this case.

Each party shall bear his, her, or its own costs of this action.

SO ORDERED this 23rd day of January, 2007.

                                            *s/ Harry S. Mattice, Jr.*
                                            HARRY S. MATTICE, JR.
                                      UNITED STATES DISTRICT JUDGE