UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| MARY MURRAY, | ) |
|---|---|
| *Plaintiff,* | ) |
| | ) Case No. 2:06-cv-89 |
| v. | ) |
| | ) Judge Mattice |
| STAN'S BBQ, *et al.*, | ) |
| | ) |
| *Defendants.* | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Appeal, in which Plaintiff seeks permission to late-file her appeal of this Court's dismissal of her action.

**I.     BACKGROUND**

Plaintiff filed her complaint in this action on May 9, 2006. [Court Doc. No. 3.] On August 31, 2006, Defendants filed a Motion to Dismiss and/or Motion for Summary Judgment. [Court Doc. No. 18.] On January 23, 2007, the Court granted Defendants' Motion to Dismiss and/or Motion for Summary Judgment and dismissed Plaintiff's complaint without prejudice for lack of subject matter jurisdiction. [Court Doc. No. 25.] Also on January 23, 2007, the Clerk entered a judgment in this action reflecting the Court's dismissal of Plaintiff's complaint. [Court Doc. No. 26.] The Notice of Electronic Filing associated with the judgment indicates that such judgment was sent by mail to Plaintiff at the address provided by her. There is no indication in the record that such mailing was returned by the post office. On May 16, 2007, Plaintiff filed the instant motion, seeking permission to late-file her appeal, claiming that she did not receive notice of the entry of judgment in this case until May 10, 2007. [Court Doc. No. 29.]

## II.   ANALYSIS

Federal Rule of Appellate Procedure 4 governs the time for appealing a district court's judgment. Rule 4(a)(1)(A) provides as follows:

> In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.

Fed. R. App. P. 4(a)(1)(A). In this instance, the judgment from which Plaintiff wishes to appeal was entered on January 23, 2007. The notice of appeal in this action was filed on May 16, 2007. Accordingly, it is evident that such notice of appeal was not filed within 30 days after the judgment was entered. Thus, it is necessary to determine whether one of the listed exceptions is applicable in this instance.

Rule 4(a)(1)(B) relates to notices of appeal filed in actions in which the United States or one of its officers or agencies is a party and is inapplicable to this case. Rule 4(a)(4) relates to the effect of the filing of several enumerated motions on the time to file a notice of appeal. None of the enumerated motions were filed in this case, so this portion of Rule 4 likewise is inapplicable to this case. Rule 4(c) relates to notices of appeal filed by inmates and also is inapplicable to this case. Accordingly, under Rule 4(a)(1)(A), Plaintiff did not timely file her notice of appeal.

Under Rule 4(a)(5), however, if a party fails to timely file a notice of appeal,

> [t]he district court may extend the time to file a notice of appeal if:
>
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A). Thus, in order for a motion for extension of time to be granted under Rule 4(a)(5), the motion must be filed within 30 days after the time prescribed under Rule 4(a) expires. As discussed above, since none of the exceptions listed in Rule 4(a)(1)(A) apply, the time prescribed under Rule 4(a) for the filing of a notice of appeal in this case is 30 days. As a result, in order for Plaintiff to be eligible for relief under Rule 4(a)(5), the motion for extension of time must have been filed within 30 days after the original 30 days expired—or, in other words, within 60 days after the entry of judgment. Judgment was entered on January 23, 2007, and the motion for extension of time was filed on May 16, 2007; thus, it is clear that the motion was not filed within 60 days after the entry of judgment. Accordingly, the Court may not grant an extension of time to file the notice of appeal pursuant to Rule 4(a)(5). *Hayes v. Allstate Ins. Co.*, 2 F. App'x 470, 472 (6th Cir. 2001) ("This time limit is strictly enforced, and any motion filed after that date would be late."); *see also Zack v. United States*, 133 F.3d 451, 452 (6th Cir. 1998).

Nevertheless, even if Rule 4(a)(1)(A) and Rule 4(a)(5) do not provide a basis for relief for a party who wishes to appeal a judgment, Rule 4(a)(6) gives the Court discretion to provide relief where, as here, the appealing party contends that she did not receive proper notice of the entry of judgment. *Bowles v. Russell*, 432 F.3d 668, 672 (6th Cir. 2005); *Zack*, 133 F.3d at 452-53; *see also Evans v. United States*, 165 F.3d 27, 1998 WL 598712, at *3 n.3 (6th Cir. Aug. 28, 1998) (noting that the Court's power to reopen the time to file an appeal is discretionary). Rule 4(a)(6) provides as follows:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

With respect to subsection (A), Plaintiff states in her motion that she did not receive notice of the entry of judgment until May 10, 2007. If the Court finds that Plaintiff did not receive notice until May 10, 2007, then subsection (A) would be satisfied because Plaintiff would not have received notice of the entry of judgment until more than 21 days after its entry. With respect to subsection (B), if the Court finds that Plaintiff received notice of the entry of judgment on May 10, 2007, then subsection (B) also would be satisfied because Plaintiff filed her motion within 7 days of that date, which would be the earlier of the two options provided in that subsection. With respect to subsection (C), Plaintiff has not addressed the issue of prejudice, while Defendants contend, without elaboration, that they would be prejudiced by the reopening of the time to file an appeal.

Thus, given the current state of the record, two questions remain to be answered before the Court can determine whether to exercise its discretion under Rule 4(a)(6) to reopen the time to file an appeal. First, on what date did Plaintiff receive notice of the entry of the judgment in this case? Second, would Defendants be prejudiced by the reopening

of the time to file an appeal?  The Court concludes that a hearing is necessary in order to answer these two questions.

## III. CONCLUSION

For the reasons explained above, the Court **RESERVES RULING** on Plaintiff's Motion to Appeal [Court Doc. No. 29].  The parties are ordered to appear for a hearing on this matter on **Friday, June 15, 2007**, at **1:30 p.m.** in Courtroom 400 of the federal courthouse located at 220 West Depot Street, Greeneville, TN 37743, at which time the Court will hear argument and testimony regarding the two remaining questions outlined above.

SO ORDERED this 1st day of June, 2007.

                                               /s/Harry S. Mattice, Jr.
                                               HARRY S. MATTICE, JR.
                                               UNITED STATES DISTRICT JUDGE