UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

MARY MURRAY, )
)
    *Plaintiff*, )
) Case No. 2:06-cv-89
v. )
) Judge Mattice
STAN'S BBQ, *et al.*, )
)
    *Defendants*. )

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff Murray's Motion to Appeal, in which Plaintiff seeks permission to late-file her appeal of this Court's dismissal of her action.

**I.    BACKGROUND**

On January 23, 2007, the Court entered an order dismissing Plaintiff's complaint without prejudice. [Court Doc. No. 25.] Also on January 23, 2007, the Clerk entered a judgment reflecting the Court's dismissal of Plaintiff's complaint. [Court Doc. No. 26.] Thereafter, on May 16, 2007, Plaintiff filed the instant motion, seeking permission to late-file her appeal, claiming that she did not receive notice of the entry of judgment in this case until May 10, 2007. [Court Doc. No. 28.]

The Court previously took Plaintiff's instant motion under consideration and entered an order concluding that Plaintiff did not timely file her appeal under Federal Rule of Appellate Procedure 4(a)(1)(A) and was not entitled to an extension of time to file the notice of appeal under Rule 4(a)(5). [Court Doc. No. 35.] The Court's previous order left open the question of whether Plaintiff had made a sufficient argument to reopen the time to file an appeal under Rule 4(a)(6), and the Court referred Plaintiff's Motion to Appeal to

U.S. Magistrate Judge Dennis H. Inman for a report and recommendation regarding the applicability of Rule 4(a)(6).

Magistrate Judge Inman held an evidentiary hearing on June 20, 2007, and issued his report and recommendation on June 21, 2007. [Court Doc. No. 45.] After the Court's previous order, two main questions were left open regarding the Rule 4(a)(6) analysis: (1) whether Plaintiff received notice of the entry of the judgment within 21 days after entry and (2) whether any party would be prejudiced by reopening the time to file an appeal. With respect to the first question, Magistrate Judge Inman concluded that Plaintiff had not proved by a preponderance of the evidence that she did not receive notice of the judgment within 21 days of its entry. With respect to the second question, Magistrate Judge Inman concluded that Defendants had not proved by a preponderance of the evidence that they would be prejudiced by the reopening of the time to file an appeal. Because Plaintiff did not meet her burden of proof with respect to the first question, Magistrate Judge Inman reported that the requirements of Rule 4(a)(6) have not been satisfied.

On June 25, 2007, Plaintiff filed an objection to Magistrate Judge Inman's report and recommendation, which she titled a "Response and Appeal." [Court Doc. No. 36.] In such objection, Plaintiff challenges Magistrate Judge Inman's conclusion that Plaintiff did not prove by a preponderance of the evidence that she did not receive notice of the judgment within 21 days of its entry.

## II. STANDARD

This Court must conduct a *de novo* review of those portions of the report and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

At the outset, the Court will attempt to answer two questions posed by Plaintiff in her objection related to Magistrate Judge Inman's reference to the Court's Notices of Electronic Filing issued with respect to the memorandum and order and the judgment entered in this case. Magistrate Judge Inman noted in his report and recommendation that the Notices of Electronic Filing accompanying those documents read, in pertinent part, as follows:

> **2:06-cv-89 Notice has been delivered by other means to:**
>
> Mary Murray
> 103 Raymond Road
> Greeneville, TN 37745

With respect to this quotation, Plaintiff first asks what the "other means" are by which notice was delivered to Plaintiff. The Court answers as follows: the "other means" were by U.S. mail. Since the placement of the Court's files online, the default method of delivery of filed documents is by electronic mail. However, with respect to both *pro se* litigants and attorneys without access to electronic mail, the Clerk delivers notice of orders and judgments to those persons by a means other than electronic mail: U.S. mail.

Plaintiff next asks the following question: "Where is the Court's proof of mailing to plaintiff of a 1/23/07 dismissal?" The Court answers as follows: the notation in the Notices of Electronic Filing described above is the record maintained by the Clerk regarding the mailing of the memorandum and order and the judgment of January 23, 2007, to Plaintiff. More importantly, though, Plaintiff's question evidences her confusion regarding the burden of proof with respect to the issue of receipt. As explained by Magistrate Judge Inman, it is not the Defendants' or the Court's obligation to prove that Plaintiff did, in fact, receive

notice of the entry of the memorandum and order and the judgment. Rather, it is Plaintiff's obligation to prove that she did not receive notice of such documents within 21 days of their entry. *Evans v. United States*, 165 F.3d 27, 1998 WL 598712, at *2 (6th Cir. 1998).

After posing these two questions, Plaintiff goes on to challenge the conclusion reached by Magistrate Judge Inman that Plaintiff failed to prove that she did not receive notice of the memorandum and order and the judgment within 21 days of their entry. In support of her challenge, Plaintiff points out it would have been illogical for her to have filed a combined motion on May 7, 2007, if she was already aware of the January 23, 2007, dismissal of her case, and she asserts that the first notice she received of the memorandum and order and the judgment was on May 10, 2007. These arguments and facts are the same as those already presented to Magistrate Judge Inman and factored into his report and recommendation. In support of her challenge, Plaintiff also submits documentary evidence related to her receipt of the memorandum and order and the judgment in May 2007. These documents, however, are not probative of non-receipt of the memorandum and order and the judgment in January 2007.

The U.S. Court of Appeals for the Sixth Circuit explained in *Evans* that, "although a district judge should give no further weight to the presumption of receipt raised by mailing upon a specific factual denial of receipt by a movant under Rule 4(a)(6), the movant still bears the burden of proving non-receipt." *Evans*, 1998 WL 598712, at *2 (internal quotation marks and citation omitted). In *Evans*, the movant did nothing to meet his burden other than deny receipt, and the district court denied the motion to reopen the time

for appeal under Rule 4(a)(6). *Id.* The Sixth Circuit upheld the district court's denial of the motion. *Id.*

In this case, there is on one hand the presumption of receipt raised by mailing, which is evidenced by the Notices of Electronic Filing. On the other hand is Plaintiff's specific factual denial of receipt. Like the movant in *Evans*, other than her denial of receipt, Plaintiff has done nothing more to prove non-receipt of the judgment. As noted by Magistrate Judge Inman, there is no question that it is a potentially difficult task to "prove a negative." Nevertheless, that is the burden with which Plaintiff is faced: she must present sufficient evidence of non-receipt of the judgment in order to convince the Court that, more likely than not, she did not receive the judgment within 21 days of its entry. Plaintiff has simply failed to present sufficient evidence to meet her burden. With only her denial of receipt to support her position, the Court cannot conclude that Plaintiff has proved by a preponderance of the evidence that she did not receive the judgment within 21 days of its entry on January 23, 2007. Accordingly, after reviewing the record, the Court agrees with Magistrate Judge Inman's report and recommendation, and his findings of fact, conclusions of law, and recommendations shall be accepted and adopted.

The Court hereby incorporates by reference its previous analysis regarding Rule 4(a)(1)(A), Rule 4(a)(5), and Rule 4(a)(6). [Court Doc. No. 35.] Adding the conclusions reached today to the Court's previous analysis, the Court concludes as follows: (1) Plaintiff did not timely file her notice of appeal under Rule 4(a)(1)(A); (2) the Court may not grant an extension of time to file the notice of appeal pursuant to Rule 4(a)(5); and (3) the Court may not reopen the time to file an appeal under Rule 4(a)(6). Accordingly, Plaintiff's Motion to Appeal is not well-taken and shall be denied.

**IV.    CONCLUSION**

For the reasons explained above, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), the Court **ACCEPTS and ADOPTS** Magistrate Judge Inman's findings of fact, conclusions of law, and recommendations contained in his Report and Recommendation [Court Doc. No. 45].

For the reasons stated in Magistrate Judge Inman's Report and Recommendation and for the reasons explained above and in the Court's previous order [Court Doc. No. 35], Plaintiff's Motion to Appeal [Court Doc. No. 29] is **DENIED**.

SO ORDERED this 10th day of July, 2007.

                                            /s/Harry S. Mattice, Jr.
                                            HARRY S. MATTICE, JR.
                                            UNITED STATES DISTRICT JUDGE