UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| MARY MURRAY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 2:06-cv-89 |
| v. | ) | |
| | ) | Judge Mattice |
| STAN'S BBQ, *et al.*, | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Before the Court are four motions filed by Plaintiff: (1) Motion for Continuance/Reopen of Case 2:06-CV-89 [Court Doc. No. 52]; (2) Motion for Open Discovery [Court Doc. No. 54]; (3) Combined Motion for Further Open Discovery and Stipulation of Facts for Events Regarding Time Frames and Time Sequences 8/31/06 to 8/3/07 [Court Doc. No. 55]; and (4) Motion to Amend Documents [Court Doc. No. 56]. For the reasons explained below, such motions shall be **DENIED**.

First, Plaintiff filed the Motion for Continuance/Reopen of Case 2:06-CV-89, in which she requests that her case be reopened based on new and pertinent information from the United States Post Office showing that an impropriety was committed in her case. Since Ms. Murray's underlying claims are unrelated to the U.S. Mail, the Court assumes that this new information regarding the U.S. Mail is related to her request for an extension of time to appeal, which was based on her alleged non-receipt of the judgment dismissing her case. Thus, the Court will treat this motion as a motion to reconsider the Court's order denying her motion for leave to file appeal [Court Doc. No. 47].

Although Plaintiff claims in her motion to have uncovered new and pertinent information, she does not state what this information is or how it relates to the issue of the timeliness of her appeal (or any other issue).  In the absence of any details as to the nature of this information, the Court is unable to determine whether reconsideration of its prior order is warranted.  The Court must therefore conclude that Plaintiff has failed to demonstrate that reconsideration of the order is proper.  Accordingly, Plaintiff's Motion for Continuance/Reopen of Case 2:06-CV-89 [Court Doc. No. 52] is **DENIED**.

Second, Plaintiff filed a Motion for Open Discovery, in which she requests a transcript of the evidentiary hearing held before U.S. Magistrate Judge Dennis H. Inman on June 20, 2007.  The docket text accompanying this motion states that the Clerk's Office in Greeneville gave Ms. Murray a transcript order form and the name, address, and phone number of the court reporter who transcribed the relevant evidentiary hearing.  Thus, Ms. Murray has been informed of the correct method for requesting a transcript of the evidentiary hearing on June 20, 2007, and the Motion for Open Discovery [Court Doc. No. 54] is **DENIED**.

Third, Plaintiff filed a Combined Motion for Further Open Discovery and Stipulation of Facts for Events Regarding Time Frames and Time Sequences 8/31/06 to 8/3/07, in which she requests information and correspondence regarding a judge's illness; other correspondence between Plaintiff, the Court, and judges; and information regarding the mailing of certain filings to Plaintiff.  Plaintiff's motion also states, "There is still room for a settlement here, feel free to make a reasonable offer!"  Plaintiff's motion evinces a fundamental misunderstanding of the status of this action: she continues to file motions

requesting discovery in spite of the fact that her case has been dismissed and is closed. Unless and until the U.S. Court of Appeals for the Sixth Circuit overturns this Court's previous decisions and remands this action for further proceedings, there shall be no discovery permitted with respect to this action in this Court. Accordingly, Plaintiff's Combined Motion for Further Open Discovery and Stipulation of Facts for Events Regarding Time Frames and Time Sequences 8/31/06 to 8/3/07 [Court Doc. No. 55] is **DENIED**.

Fourth, Plaintiff filed a Motion to Amend Documents, in which she requests that all court documents in this action reflect that they are being held in abeyance rather than terminated. Plaintiff derived this idea from an order entered by the Sixth Circuit, which directs that the briefing schedule for Ms. Murray's appeal be held in abeyance until she has shown cause why her appeal should not be dismissed. This order of the Sixth Circuit does not, by its terms, have any effect on any orders entered in this Court; rather, the order merely postpones the briefing of Ms. Murray's appeal. Accordingly, Plaintiff's Motion to Amend Documents [Court Doc. No. 56] is **DENIED**.

SO ORDERED this 14th day of August, 2007.

                                                  */s/Harry S. Mattice, Jr.*
                                                 HARRY S. MATTICE, JR.
                                                UNITED STATES DISTRICT JUDGE